liPER CURIAM *.
This is a lawyer disciplinary proceeding principally involving neglect of a legal matter entrusted to the attorney.
In October of 1989, respondent was employed to handle the client’s husband’s succession. The client specifically requested the redemption of a $20,000 corporate. note, which the corporation refused to redeem until the succession was completed, and the transfer of an automobile title. Respondent was paid $1,800 as an advance fee for the work to be performed.
Although respondent immediately probated the will, he did nothing further on the matter for fifteen months, despite the client’s attempts to contact him numerous times without success. Finally, respondent obtained a judgment of possession in January of 1991, but did not secure the redemption of the corporate note. Unfortunately, the corporation went into bankruptcy in March of 1991, and the note became worthless. The evidence, therefore, clearly establishes that respondent neglected a legal matter entrusted to him and that his client suffered substantial injury as a result of that neglect. He also failed to advise and communicate with his client.
^Respondent has previously been involved in three disciplinary proceedings. In 1979 and 1986, he was privately reprimanded for neglecting a legal matter entrusted to him, and in 1987, he was publicly reprimanded for similar misconduct. Two of these reprimands involved the handling of succession matters.
Aggravating factors, in addition to prior disciplinary offenses, a pattern of misconduct, and vulnerability of the victim, include substantial injury to the client on account of the misconduct, namely the loss of the note that had significant monetary value when the work should have been performed; failure to make restitution or any attempts thereat; failure to return the $1,800 advanced fee; and substantial experience (twenty-two years) in the practice of law.
Mitigating factors include absence of a dishonest or selfish motive; personal problems consisting of his wife’s disability and his own physical condition of sleep apnea, for which he underwent unsuccessful surgery during the time period at issue; remorse; and cooperation in the disciplinary proceeding.
The hearing committee recommended that respondent be disbarred. The disciplinary board rejected that penalty as too harsh for *836 conduct that did not involve dishonesty or selfish motive or benefit. The board recommended that respondent be suspended from the practice of law for one year and one day, but that the suspension be deferred and respondent placed on probation for a period of two years, with significant conditions including monitoring by an overseeing attorney and implementation of a plan for restitution.
We agree that the misconduct did not involve dishonesty and does not warrant disbarment. Had plaintiff shown any signs of rehabilitating himself from this pattern of misconduct such as by making some attempts at restitution or presenting evidence that his office procedures had been revised or other safeguards undertaken in an effort to protect future clients, then we might agree with the ^disciplinary board that deferral of a period of suspension along with probation on significant conditions might be appropriate. However, on respondent’s showing in this record, we believe that some period of suspension is necessary in order to protect the public. We therefore impose a suspension from the practice of law of six months, to be followed by a period of probation for two years on the same conditions recommended by the disciplinary board, including a restitution plan.[1]
Accordingly, respondent is suspended from the practice of law for a period of six months from the finality of this decision. Thereafter, respondent will be allowed to practice while on probation for a period of two years on the conditions recommended by the disciplinary board. If respondent does not successfully complete the period of probation, disciplinary counsel may apply to this court for further orders.

 Judge Charles R. Lindsay, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis. Marcus, J., not on the panel.

. Because he is now supporting the disabled wife (who was his legal secretary) and three children in college, respondent asserts that he did not propose a restitution plan.